**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

DAVID PUTZER,  )  3:07-CV-498-LRH (RAM)
         Plaintiff,  )  **REPORT AND RECOMMENDATION**
   vs.  )  **OF U.S. MAGISTRATE JUDGE**
GLEN WHORTON, et al.,  )
         Defendants.  )

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Defendants have filed a motion to dismiss Defendants Regina Baca and Jeffrey Froschauer from the case. (Doc. #75.[1]) Plaintiff David Putzer ("Putzer") has opposed (Doc. #84), and Defendants have replied (Doc. #92). Having considered the papers and the arguments presented therein, and with good cause appearing, the court recommends that the motion to dismiss should be denied in part and granted in part.

## I. BACKGROUND

At all relevant times, Putzer was in custody of the Nevada Department of Corrections ("NDOC") as an inmate at High Desert State Prison (HDSP). Plaintiff alleges that state officials violated his due process rights by labeling him as a sex offender and not providing him a classification committee hearing during intake at HDSP. (Doc. #6 at 1.) As a result, he alleges that he has been deprived of minimum custody status and a work camp assignment. (*Id.*)

---

[1] Refers to court's docket number.

Plaintiff alleges that this erroneous classification occurred sometime during February 2006, though it is unclear when he learned of this status. (*Id.*) Plaintiff filed his complaint in January 2008. (Doc. #6.) In December 2008, after the two-year statute of limitations had run[2], Putzer amended his complaint to substitute Defendant Regina Hendrickson for John Doe #1.[3] (Doc. # 65.) In January 2009, Plaintiff again amended his complaint to substitute Defendant Jeffrey Froschauer for John Doe #2. (Doc. #70.) Defendants now move to dismiss Defendants Baca and Froschauer based on the statute of limitations.

## **II. LEGAL STANDARD**

Putzer brings his lawsuit pursuant to 42 U.S.C. § 1983. A lawsuit brought under this provision is treated as a personal injury action under state law for purposes of determining the length of the applicable statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Nevada, the statute of limitations for personal injury actions is two years. Nev. Rev. St. § 11.190(4). Because the amendment was filed after the limitations period expired, the issue is whether the amendment can relate back to the original filing date and overcome the statute of limitations. *Id.*

Contrary to the briefing by both parties, the Federal Rules do not govern this issue. In a § 1983 action, when state law provides a mechanism for pleading fictitious defendants that effectively tolls the statute of limitations, it is controlling. *See Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989); *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1463-64 (9th Cir. 1988) (for § 1983 actions, "'[t]he length of the limitations period, *and closely related questions of tolling and application*, are to be governed by state law'" (quoting *Wilson*, 471 U.S. at 269)); *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 800 (9th Cir. 1986) (plaintiffs can substitute actual defendants for previously named fictitious defendants according to the

---

[2] Section 1983 actions are treated as state law personal injury actions for purposes of applying the statute of limitations. *See infra.*

[3] The court has since been advised that Defendant Regina Hendrickson is now known as Regina Baca. (Doc. #68.)

2

California provision for naming John Doe defendants even though this violates Fed. R. Civ. P. 15(c)). Therefore, the limitations period is effectively determined by the state law provision for pleading fictitious defendants. *Lindley*, 780 F.2d at 800.

According to Nevada Rule of Civil Procedure 10(a), "[a] party whose name is not known may be designated by any name, and when the true name is discovered, the pleading may be amended accordingly." While the substitution is pending, the statute of limitations is effectively tolled according to a legal fiction that the unnamed entity is a party to the proceedings:

> [U]nder our Rule 10(a), the intended parties defendant, when properly identified as to activity, conduct, or omission, but not by certainty of name, are . . . "already parties in legal contemplation." As a result, when a Rule 10(a) amendment is properly granted, it automatically relates back to the commencement of the action.

*Nurenberger HerculesWerke GmbH v. Virostek*, 107 Nev. 873, 882, 822 P.2d 1100, 1106 (Nev. 1991) (quoting *Hill v. Summa Corp.*, 90 Nev. 79, 81, 518 P.2d 1094, 1095 (Nev. 1974)). Therefore, the controlling issue is whether Plaintiff complied with the requirements of Nevada Rule of Civil Procedure 10(a) so he can substitute the names of the defendants in his complaint.

To utilize Rule 10(a), the plaintiff must satisfy a three-part test: (1) plead[ ] fictitious or Doe defendants in the caption of the complaint; (2) plead[ ] the basis for naming defendants by other than their true identity, and clearly specify[ ] the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based; and (3) exercis[e] reasonable diligence in ascertaining the true identity of the intended defendants and promptly mov[e] to amend the complaint in order to substitute the actual for the fictional." *Nurenberger*, 107 Nev. at 882, 822 P.2d at 1106. According to the Nevada Supreme Court, "meritorious causes of action should not be frustrated where, despite reasonable diligence, the true identity of culpable parties is uncertain or unknown to plaintiff or plaintiff's counsel." *Id.* at 878, 822 P.2d at 1103.

/ / /
/ / /

3

## III. DISCUSSION

Plaintiff is substituting Defendants Baca and Froschauer for the Doe defendants numbered 1 and 2 in his original complaint. Each defendant will be addressed in turn.

A. DEFENDANT BACA

Plaintiff satisfied the first requirement by pleading Doe individuals in the original complaint. (Doc. #1 at 1.) Plaintiff satisfied the second requirement when she pled uncertainty as to Doe defendant #1's true name by alleging that he or she was a Caseworker Specialist III (CCWS) at HDSP who "[f]ailed by omission to hold initial classification meetting [sic] that subjected Putzer to sex offender classification." (Doc. #6 at 3.) Plaintiff thus provided a logical nexus between the fictitious defendant and the factual basis for liability. From reading the complaint, it is apparent that Baca was named by other than her true identity because there were no proceedings that Putzer could participate in to learn which HDSP employees were actually involved with his classification. Regarding the last element, there is no evidence that Putzer lacked diligence in properly amending his complaint, as he moved to add the defendant in December 2008, soon after receiving an interrogatory response implicating Baca. Accordingly, the motion to dismiss Defendant Baca should be denied.

B. DEFENDANT FROSCHAUER

The description for John Doe #2 is the same as above. Unlike Baca, Froschauer at all relevant times has been employed at the NDOC central office in Carson City in the Offender Management Division, not as an HDSP caseworker. (Doc. #92 at 5.) Based on the identifying information in the complaint, it was not apparent that Putzer intended to refer to Froschauer. The amendment therefore fails the second prong of the *Nurenberger* analysis, as in this case Putzer did not properly "specify[ ] the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based." 107 Nev. at 882, 822 P.2d at 1106. Plaintiff is attempting to revise the theory of his complaint to include the officials who reviewed the recommendations of the caseworkers he originally sued. This is not permissible even under Nevada's liberal pleading standards. Accordingly, the motion to

4

dismiss Defendant Froschauer should be granted.

## IV. CONCLUSION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion to Dismiss Defendant Froschauer and **DENYING** the Motion to Dismiss Defendant Baca (Doc. #75).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: April 7, 2009.

_____
UNITED STATES MAGISTRATE JUDGE